ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AFFIRMATIVE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 09-4151-JAR ) |
| TIMOTHY WELCH, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of L.P., by and through Guardian ad Litem Michael Jackson, to Vacate Clerks Entry of Default (Doc. 31). The movant states that the other interpleader stakeholders have been consulted and do not object to setting aside the clerk's entry of default against L.P. only. The Court construes this motion as a motion to set aside the clerk's entry of default, pursuant to Fed. R. Civ. P. 55(c). Under Rule 55(c), the Court may set aside a Clerk's entry of default if good cause is shown. When making this determination, the Court must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[1] The Court need not consider all of these factors, but is mindful that "willful failure alone may constitute sufficient cause for the court to deny the motion."[2] The standard is "fairly liberal because '[t]he preferred disposition of

---

[1] *See, e.g.*, *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005).

[2] *Id.*

any case is upon its merits and not by default judgment.'"[3]

Because L.P., a minor, was just recently appointed a guardian in this matter, the Court finds that good cause is shown to set aside the clerk's entry of default. In the motion, the guardian ad litem represents that he requires additional time to locate L.P. in order to represent her interests in this matter. The Court anticipates that, upon locating L.P., the guardian ad litem will either file a motion for leave to file an Answer out of time on the minor's behalf,[4] or submit a motion for voluntary dismissal pursuant to Rule 41(a) if L.P. does not wish to be included in this interpleader action, and the guardian determines this to be in L.P.'s best interest.

**IT IS THEREFORE ORDERED BY THE COURT** that L.P.'s Motion to Vacate Clerks Entry of Default (Doc. 31) is granted. The Clerk's Entry of Default is hereby set aside as to L.P. only.

Dated: October 28, 2010

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[3] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[4] *See* D. Kan. R.. 15.1.